IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

VARIANT HOLDINGS, LLC
AND VARIANT, INC.

     PLAINTIFFS,

  v.

AMERCO;  1859 HISTORIC HOTELS, LTD. D/B/A
SOUTH SHORE HARBOUR RESORT CONFERENCE
CENTER & SPA D/B/A HILTON HOUSTON HOBBY
AIRPORT D/B/A MENGER HOTEL D/B/A THE
CROCKETT HOTEL D/B/A INN AT THE
WATERPARK D/B/A INN OF THE HILLS RESORT
AND CONFERENCE CENTER D/B/A Y.O. RANCH
RESORT & CONFERENCE CENTER D/B/A
MOUNTAIN LAKE HOTEL D/B/A THE CLIFF HOUSE
AT PIKES PEAK D/B/A WILLIAMSBURG
HOSPITALITY HOUSE D/B/A FREDERICKSBURG
HOSPITALITY HOUSE D/B/A THE BROWN D/B/A
OVERTON HOTEL AND CONFERENCE CENTER;
AVIS BUDGET GROUP, INC.; AVIS RENT A CAR
SYSTEM, LLC; BEST WESTERN INTERNATIONAL,
INC.;  CARLSON COMPANIES, INC.; CARLSON
HOLDINGS, INC.; CARLSON HOSPITALITY GROUP,
INC.;  CARLSON HOTELS WORLDWIDE, INC.;
CARLSON HOTELS, INC.;  CARLSON INC. D/B/A
PARK INN BY RADISSON D/B/A CLUB CARLSON;
COUNTRY HOSPITALITY WORLDWIDE, INC.;
COUNTRY INN & SUITES BY CARLSON, INC.;
COURTYARD MANAGEMENT CORP.; EXECUSTAY,
LLC D/B/A EXECUSTAY BY MARRIOTT; FAIRMONT
HOTEL MANAGEMENT CO.; FAIRMONT HOTELS &
RESORTS (US) INC.; FAIRMONT HOTELS &
RESORTS INC.; GAL-TEX HOTEL CORP.;
HORSESHOE BAY RESORT, INC.; LC WW
PARTNERS D/B/A THE WESTIN LA CANTERA
RESORT SAN ANTONIO; LE MERIDIEN HOTELS
AND RESORTS, LTD.; LH HOUSTON OPERATING,
LLC D/B/A HOTEL ICON; LOEWS CORP.; LOEWS
HOTELS HOLDING CORP. D/B/A LOEWS HOTELS;
MARRIOTT INTERNATIONAL RESORTS, L. P.;
MARRIOTT INTERNATIONAL, INC. D/B/A BULGARI

NO. _____

HOTELS & RESORTS D/B/A MARRIOTT HOTELS &
RESORTS D/B/A JW MARRIOTT HOTELS &
RESORTS D/B/A RENAISSANCE HOTELS &
RESORTS D/B/A EDITION HOTELS D/B/A
AUTOGRAPH COLLECTION INDEPENDENT
HOTELS D/B/A COURTYARD BY MARRIOTT D/B/A
AC HOTELS BY MARRIOTT D/B/A RESIDENCE INN
BY MARRIOTT D/B/A FAIRFIELD INN & SUITES BY
MARRIOTT D/B/A MARRIOTT CONFERENCE
CENTERS D/B/A TOWNEPLACE SUITES BY
MARRIOTT D/B/A SPRINGHILL SUITES BY
MARRIOTT D/B/A MARRIOTT EXECUTIVE
APARTMENTS D/B/A MARRIOTT GRAND
RESIDENCE CLUB D/B/A GRAND RESIDENCES BY
MARRIOTT; RADISSON HOTELS INTERNATIONAL
INC.;  RENAISSANCE INTERNATIONAL, INC.;
RESIDENCE INN BY MARRIOTT, LLC; RITZ-
CARLTON MANAGEMENT COMPANY, LLC;
SHERATON HOTELS & RESORTS; STARWOOD
HOTELS & RESORTS WORLDWIDE, INC. D/B/A
FOUR POINTS BY SHERATON D/B/A ALOFTSM
HOTELS D/B/A ELEMENTSM HOTELS D/B/A
ELEMENT BY WESTIN D/B/A ST. REGIS HOTELS &
RESORTS D/B/A THE LUXURY COLLECTION
HOTELS & RESORTS D/B/A W HOTELS
WORLDWIDE D/B/A WESTIN HOTELS & RESORTS;
THE HERTZ CORP.  D/B/A HERTZ CORP.  D/B/A
HERTZ CAR RENTAL; THE RITZ-CARLTON HOTEL
COMPANY, L.L.C.; THE VALENICA GROUP INC.
D/B/A HOTEL SORELLA D/B/A HOTEL VALENICA;
TOWNEPLACE MANAGEMENT, LLC; U-HAUL
INTERNATIONAL, INC. and WECCR GENERAL
PARTNERSHIP D/B/A THE WOODLANDS RESORT &
CONFERENCE CENTER.

    DEFENDANTS.

JURY TRIAL DEMANDED

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs VARIANT HOLDINGS, LLC and VARIANT, INC. file this Complaint against

the Defendants named herein, namely AMERCO;  1859 HISTORIC HOTELS, LTD. D/B/A

SOUTH  SHORE  HARBOUR  RESORT  CONFERENCE  CENTER  &  SPA  D/B/A  HILTON

HOUSTON HOBBY AIRPORT D/B/A MENGER HOTEL D/B/A THE CROCKETT HOTEL D/B/A INN AT THE WATERPARK D/B/A INN OF THE HILLS RESORT AND CONFERENCE CENTER D/B/A Y.O. RANCH RESORT & CONFERENCE CENTER D/B/A MOUNTAIN LAKE HOTEL D/B/A THE CLIFF HOUSE AT PIKES PEAK D/B/A WILLIAMSBURG HOSPITALITY HOUSE D/B/A FREDERICKSBURG HOSPITALITY HOUSE D/B/A THE BROWN D/B/A OVERTON HOTEL AND CONFERENCE CENTER; AVIS BUDGET GROUP, INC.; AVIS RENT A CAR SYSTEM, LLC; BEST WESTERN INTERNATIONAL, INC.;  CARLSON COMPANIES, INC.; CARLSON HOLDINGS, INC.; CARLSON HOSPITALITY GROUP, INC.;   CARLSON HOTELS WORLDWIDE, INC.; CARLSON HOTELS, INC.;  CARLSON INC. D/B/A PARK INN BY RADISSON D/B/A CLUB CARLSON; COUNTRY HOSPITALITY WORLDWIDE, INC.;  COUNTRY INN & SUITES BY CARLSON, INC.;  COURTYARD MANAGEMENT CORP.; EXECUSTAY, LLC D/B/A EXECUSTAY BY MARRIOTT; FAIRMONT HOTEL MANAGEMENT CO.; FAIRMONT HOTELS & RESORTS (US) INC.; FAIRMONT HOTELS & RESORTS INC.; GAL-TEX HOTEL CORP.; HORSESHOE BAY RESORT, INC.; LC WW PARTNERS D/B/A THE WESTIN LA CANTERA RESORT SAN ANTONIO; LE MERIDIEN HOTELS AND RESORTS, LTD.; LH HOUSTON OPERATING, LLC D/B/A HOTEL ICON; LOEWS CORP.; LOEWS HOTELS HOLDING CORP. D/B/A LOEWS HOTELS; MARRIOTT INTERNATIONAL RESORTS, L. P.; MARRIOTT INTERNATIONAL, INC. D/B/A BULGARI HOTELS & RESORTS D/B/A MARRIOTT HOTELS & RESORTS D/B/A JW MARRIOTT HOTELS & RESORTS D/B/A RENAISSANCE HOTELS & RESORTS D/B/A EDITION HOTELS D/B/A AUTOGRAPH COLLECTION INDEPENDENT HOTELS D/B/A COURTYARD BY MARRIOTT D/B/A AC HOTELS BY MARRIOTT D/B/A RESIDENCE

INN BY MARRIOTT D/B/A FAIRFIELD INN & SUITES BY MARRIOTT D/B/A MARRIOTT CONFERENCE CENTERS D/B/A TOWNEPLACE SUITES BY MARRIOTT D/B/A SPRINGHILL SUITES BY MARRIOTT D/B/A MARRIOTT EXECUTIVE APARTMENTS D/B/A MARRIOTT GRAND RESIDENCE CLUB D/B/A GRAND RESIDENCES BY MARRIOTT; RADISSON HOTELS INTERNATIONAL INC.; RENAISSANCE INTERNATIONAL, INC.; RESIDENCE INN BY MARRIOTT, LLC; RITZ-CARLTON MANAGEMENT COMPANY, LLC; SHERATON HOTELS & RESORTS; STARWOOD HOTELS & RESORTS WORLDWIDE, INC. D/B/A FOUR POINTS BY SHERATON D/B/A ALOFTSM HOTELS D/B/A ELEMENTSM HOTELS D/B/A ELEMENT BY WESTIN D/B/A ST. REGIS HOTELS & RESORTS D/B/A THE LUXURY COLLECTION HOTELS & RESORTS D/B/A W HOTELS WORLDWIDE D/B/A WESTIN HOTELS & RESORTS; THE HERTZ CORP.  D/B/A HERTZ CORP.  D/B/A HERTZ CAR RENTAL; THE RITZ-CARLTON HOTEL COMPANY, L.L.C.; THE VALENICA GROUP INC. D/B/A HOTEL SORELLA D/B/A HOTEL VALENICA; TOWNEPLACE MANAGEMENT, LLC; U-HAUL INTERNATIONAL, INC. AND WECCR GENERAL PARTNERSHIP D/B/A THE WOODLANDS RESORT & CONFERENCE CENTER (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff VARIANT HOLDINGS, LLC has a place of business in Charlestown, Nevis.

2.      Plaintiff VARIANT, INC. has a place of business in McFarland, Wisconsin. Hereinafter, VARIANT HOLDINGS, L.L.C. and VARIANT, INC. are collectively referred to as "VARIANT."

3.      On information and belief, Defendant AMERCO has a place of business in Parsippany, New Jersey.

4.      On information and belief, Defendant 1859 HISTORIC HOTELS, LTD. D/B/A SOUTH SHORE HARBOUR RESORT CONFERENCE CENTER & SPA D/B/A HILTON HOUSTON HOBBY AIRPORT D/B/A MENGER HOTEL D/B/A THE CROCKETT HOTEL D/B/A INN AT THE WATERPARK D/B/A INN OF THE HILLS RESORT AND CONFERENCE CENTER D/B/A Y.O. RANCH RESORT & CONFERENCE CENTER D/B/A MOUNTAIN LAKE HOTEL D/B/A THE CLIFF HOUSE AT PIKES PEAK D/B/A WILLIAMSBURG HOSPITALITY HOUSE D/B/A FREDERICKSBURG HOSPITALITY HOUSE D/B/A THE BROWN D/B/A OVERTON HOTEL AND CONFERENCE CENTER ("1859") has a place of business in Galveston, Texas.

5.      On information and belief, Defendants AVIS BUDGET GROUP, INC. and AVIS RENT A CAR SYSTEM, LLC ("AVIS") have a place of business in Parsippany, New Jersey.

6.      On information and belief, Defendant BEST WESTERN INTERNATIONAL, INC. ("BEST WESTERN") has a place of business in Phoenix, Arizona.

7.      On information and belief, Defendants CARLSON COMPANIES, INC, CARLSON HOSPITALITY GROUP, INC., CARLSON HOTELS WORLDWIDE, INC., CARLSON HOTELS, INC., CARLSON INC. D/B/A PARK INN BY RADISSON D/B/A CLUB CARLSON (collectively "CARLSON") have a place of business in Minnetonka, Minnesota.

8.      On information and belief, Defendants COUNTRY HOSPITALITY WORLDWIDE, INC. and COUNTRY INN & SUITES BY CARLSON, INC. (collectively "COUNTRY INN") have a place of business in Minnetonka, Minnesota.

9.      On information and belief, Defendant COURTYARD MANAGEMENT CORP. ("COURTYARD") has a place of business in Memphis, Tennessee

10.     On information and belief, Defendant EXECUSTAY, LLC D/B/A EXECUSTAY BY MARRIOTT ("EXECUSTAY") has a place of business in Gaithersburg, Maryland.

11.     On information and belief, Defendants FAIRMONT HOTEL MANAGEMENT CO., FAIRMONT HOTELS & RESORTS (US) INC., and FAIRMONT HOTELS & RESORTS INC. (collectively "FAIRMONT") have a place of business in San Francisco, California.

12.     On information and belief, Defendant GAL-TEX HOTEL CORP. ("GAL-TEX") has a place of business in Galveston, Texas.  Hereinafter, 1858 and GTHC are collectively referred to as "GAL-TEX."

13.     On information and belief, Defendant HORSESHOE BAY RESORT, INC. ("HORSESHOE BAY") has a place of business in Horseshoe Bay, Texas.

14.     On information and belief, Defendant LC WW PARTNERS D/B/A THE WESTIN LA CANTERA RESORT SAN ANTONIO ("CANTERA") has a place of business in San Antonio, Texas.

15.     On information and belief, Defendant LE MERIDIEN HOTELS AND RESORTS, LTD. ("MERIDIEN") has a place of business in London, UK.

16.     On information and belief, Defendant LH HOUSTON OPERATING, LLC D/B/A HOTEL ICON ("ICON") has a place of business in Houston, Texas.

17.     On information and belief, Defendants LOEWS CORP. and LOEWS HOTELS HOLDING CORP. D/B/A LOEWS HOTELS (collectively "LEOWS") have a place of business in New York, New York.

18.     On information and belief, Defendants MARRIOTT INTERNATIONAL RESORTS, L. P. and MARRIOTT INTERNATIONAL, INC. D/B/A BULGARI HOTELS & RESORTS D/B/A MARRIOTT HOTELS & RESORTS D/B/A JW MARRIOTT HOTELS & RESORTS D/B/A RENAISSANCE HOTELS & RESORTS D/B/A EDITION HOTELS D/B/A AUTOGRAPH COLLECTION INDEPENDENT HOTELS D/B/A COURTYARD BY MARRIOTT D/B/A AC HOTELS BY MARRIOTT D/B/A RESIDENCE INN BY MARRIOTT D/B/A FAIRFIELD INN & SUITES BY MARRIOTT D/B/A MARRIOTT CONFERENCE CENTERS D/B/A TOWNEPLACE SUITES BY MARRIOTT D/B/A SPRINGHILL SUITES BY MARRIOTT D/B/A MARRIOTT EXECUTIVE APARTMENTS D/B/A MARRIOTT GRAND RESIDENCE CLUB D/B/A GRAND RESIDENCES BY MARRIOTT (collectively "MARRIOTT") have a place of business in Bethesda, Maryland.

19.     On information and belief, Defendant RADISSON HOTELS INTERNATIONAL INC.  ("RADISSON") has a place of business in Minnetonka, Minnesota.

20.     On information and belief, Defendant RENAISSANCE INTERNATIONAL, INC. ("RENAISSANCE") has a place of business in Dallas, TX.

21.     On information and belief, Defendant RESIDENCE INN BY MARRIOTT, LLC; ("RESIDENCE") has a place of business in Bethesda, Maryland.

22.     On information and belief, Defendants RITZ-CARLTON MANAGEMENT COMPANY, LLC and THE RITZ-CARLTON HOTEL COMPANY, L.L.C.; (collectively "RITZ-CARLTON") have a place of business in Chevy Chase, Maryland.

23.     On information and belief, Defendant SHERATON HOTELS & RESORTS; ("SHERATON") has a place of business in White Plains, New York.

24.     On information and belief, Defendant STARWOOD HOTELS & RESORTS WORLDWIDE, INC. D/B/A FOUR POINTS BY SHERATON D/B/A ALOFTSM HOTELS D/B/A ELEMENTSM HOTELS D/B/A ELEMENT BY WESTIN D/B/A ST. REGIS HOTELS & RESORTS D/B/A THE LUXURY COLLECTION HOTELS & RESORTS D/B/A W HOTELS WORLDWIDE D/B/A WESTIN HOTELS & RESORTS ("STARWOOD") has a place of business in White Plains, New York.

25.     On information and belief, Defendant THE HERTZ CORP.  D/B/A HERTZ CORP.  D/B/A HERTZ CAR RENTAL ("HERTZ") has a place of business in Park Ridge, New Jersey.

26.     On information and belief, Defendant THE VALENICA GROUP INC. D/B/A HOTEL SORELLA D/B/A HOTEL VALENICA ("VALENCIA") has a place of business in Houston, Texas.

27.     On information and belief, Defendant TOWNEPLACE MANAGEMENT, LLC; ("TOWNEPLACE") has a place of business in Bethesda, Maryland.

28.     On information and belief, Defendant U-HAUL INTERNATIONAL, INC. has a place of business in Reno, Nevada.  Hereinafter AMERCO and U-HAUL INTERNATIONAL, INC. are collectively referred to as "UHAUL."

29.     On information and belief, Defendant WECCR GENERAL PARTNERSHIP D/B/A THE WOODLANDS RESORT & CONFERENCE CENTER ("WOODLANDS") has a place of business in the Woodlands, Texas.

## JURISDICTION AND VENUE

30.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

31.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this

forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,624,044

32.     United States Patent No. 7,624,044 (the "'044 patent"), entitled "System for marketing goods and services utilizing computerized central and remote facilities," duly and legally issued on November 24, 2009.

33.     VARIANT HOLDINGS, LLC is the assignee of the '044 Patent.  VARIANT, INC. is the exclusive licensee of the '044 patent.  Plaintiffs have standing to bring this lawsuit for infringement of the '044 Patent.

34.     The claims of the '044 Patent cover, *inter alia,* apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

35.     On information and belief, all Defendants named herein have infringed the '044 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to

be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

36.    On information and belief, AVIS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting vehicles.

37.    On information and belief, BEST WESTERN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

38.    On information and belief, CARLSON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale

in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

39.     On information and belief, COUNTRY INN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

40.     On information and belief, COURTYARD has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by

one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

41.    On information and belief, EXECUSTAY has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

42.    On information and belief, FAIRMONT has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

43.    On information and belief, GAL-TEX has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic

network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

44.     On information and belief, HORSESHOE BAY has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

45.     On information and belief, CANTERA has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims

of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

46.     On information and belief, MERIDIEN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

47.     On information and belief, ICON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

48.     On information and belief, LEOWS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic

network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

49.     On information and belief, MARRIOTT has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

50.     On information and belief, RADISSON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims

of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

51.     On information and belief, RENAISSANCE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

52.     On information and belief, RESIDENCE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

53.     On information and belief, RITZ-CARLTON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over

an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

54.     On information and belief, SHERATON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

55.     On information and belief, STARWOOD has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by

one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

56.     On information and belief, HERTZ has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting vehicles.

57.     On information and belief, VALENCIA has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

58.     On information and belief, TOWNEPLACE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over

an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

59.     On information and belief, UHAUL has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting vehicles and equipment.

60.     On information and belief, WOODLANDS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by

one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting rooms.

61.     To the extent that facts learned during the pendency of this case show that Defendants' infringement includes indirect infringement, VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

62.     To the extent that facts learned during the pendency of this case show that this is an "exceptional case," VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

63.     To the extent that facts learned during the pendency of this case show that Defendants' infringement is or has been willful, VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

64.     As a result of Defendants' infringing conduct, Defendants have damaged VARIANT. Defendants are liable to VARIANT in an amount that adequately compensates VARIANT for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, VARIANT respectfully requests that this Court enter:

1.     A judgment in favor of VARIANT that Defendants have infringed the '044 patent;

2.     A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '044 patent;

      3.      A judgment and order requiring Defendants to pay VARIANT its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendants' infringement of the '044 patent as provided under 35 U.S.C. §§ 284 and/or 285; and

      4.      Any and all other relief to which VARIANT may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VARIANT requests a trial by jury of any issues so triable by right.


September 15, 2011

Respectfully submitted,

COLLINS, EDMONDS & POGORZELSKI, PLLC

By: /s/ *John J. Edmonds*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFFS
VARIANT HOLDINGS, LLC AND
VARIANT, INC.